**2007 BNH 003**  Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 04-13970-JMD |
| | Chapter 13 |
| Donald F. Cunha, | |
|       Debtor | |
| | |
| Donald F. Cunha, | |
|       Plaintiff | |
| | |
| v. | Adv. No. 05-1127-JMD |
| | |
| Ablitt & Caruolo, P.C., | |
|       Defendant | |

## MEMORANDUM OPINION

**I.  INTRODUCTION**

The Court has before it a complaint brought by Donald F. Cunha (the "Debtor") against Ablitt & Caruolo, P.C. (the "Defendant"), seeking damages under 11 U.S.C. § 362(h)[1] for the Defendant's alleged violations of the automatic stay.  The Court conducted a trial of this matter on January 9, 2007 and took the matter under advisement.  This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, all references to "section" or "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., prior to amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

**II. FACTS**

The facts in this case are not complicated. The Debtor was unable to appear at the time scheduled for trial due to a medical condition. However, counsel for both parties agreed that the Debtor's evidence would be submitted on a stipulated record consisting of an offer of proof as to the testimony which the Debtor would have given if present and the admission into evidence of seven exhibits offered by the Debtor. The Defendant's evidentiary record consisted of one witness and one exhibit admitted by agreement.

The Debtor filed a chapter 13 petition on November 8, 2004, in order to halt a pending foreclosure sale of his home. Due to the existence of the automatic stay, the Defendant, acting as foreclosure counsel for Ameriquest Mortgage Company, postponed a foreclosure sale scheduled for November 8 or 9, 2004 until February 8, 2005 (the "First Postponement"). On February 10, 2005, the Defendant gave notice to the Debtor that the foreclosure sale scheduled for February 8, 2005 had been postponed to May 3, 2005 (the "Second Postponement"). On May 9, 2005, the Defendant gave notice that the foreclosure sale scheduled for May 3, 2005 had been postponed to June 20, 2005 (the "Third Postponement"). On July 1, 2005, the Defendant gave notice that the foreclosure sale scheduled for June 20, 2005 had been postponed to September 20, 2005 (the "Fourth Postponement"). On September 19, 2005, the Defendant gave notice that the foreclosure sale scheduled for September 20, 2005 had been postponed to November 1, 2005 (the "Fifth Postponement").

On April 28, 2005, the chapter 13 trustee filed a motion to dismiss the case (Doc. No. 12) (the "First Motion to Dismiss") due to the Debtor's failure to make timely plan payments and the failure of the proposed plan to propose payment in full of certain secured and priority unsecured

claims as required by section 1325 of the Bankruptcy Code. At a hearing on June 17, 2005, the chapter 13 trustee withdrew the First Motion to Dismiss and recommended confirmation of the Debtor's Amended Chapter 13 Plan dated May 23, 2005 (the "Plan"). On June 21, 2005, the chapter 13 trustee submitted a proposed order confirming the Plan (Doc. No. 20) and on June 24, 2005, the Court signed and entered an order confirming the Plan (Doc. No. 21) (the "Confirmation Order"). On July 15, 2005, the Defendant filed a motion on behalf of Ameriquest Mortgage Company seeking relief from the automatic stay alleging the Debtor to be three months in arrears on his postpetition mortgage payments (Doc. No. 24) (the "Stay Relief Motion"). A final hearing on the Stay Relief Motion was held on September 27, 2005 at which time the Court entered an order directing the Debtor to become current on all postpetition mortgage payments by December 15, 2005 or Ameriquest Mortgage Company could obtain relief from the automatic stay by affidavit pursuant to LBR 9071-1 (Doc. No. 33). On September 8, 2005, the chapter 13 trustee filed a motion to dismiss or convert the case because the Debtor had failed to make timely payments pursuant to the Confirmation Order (Doc. No. 32) (the "Second Motion to Dismiss"). A hearing on the Second Motion to Dismiss was held on October 14, 2005 at which time the Court granted the motion and dismissed the case (Doc. No. 35).

## III.  DISCUSSION

Section 362(a)(1) of the Bankruptcy Code provides:

> Except as provided in subsection (b) of this section, a petition . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could

> have been commenced before the commencement of the case
> under this title, or to recover a claim against the debtor that arose
> before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).  Many courts have held that postponing the date of a foreclosure sale does not violate the automatic stay.  See In re Roach, 660 F.2d 1316, 1319 (9th Cir. 1981); Zeoli v. RIHT Mortgage Corp., 148 B.R. 698, 702 (D.N.H. 1993); Atlas Machine & Iron Works, Inc. v. Bethlehem Steel Corp. (In re Atlas Machine & Iron Works, Inc.), 239 B.R. 322, 332 (Bankr. E.D. Va. 1998).  The rationale for such a holding is that postponing the foreclosure sale maintains the status quo between creditor and debtor as of the petition date.  See Zeoli, 148 B.R. at 700.  According to Zeoli, while postponement of a foreclosure sale is an "act," it is not an act in "continuation" of a proceeding "against the debtor" prohibited by § 362(a)(1).  See id. at 701.  "Rather, it is more appropriately characterized as an act in preservation of a stayed proceeding."  Id.  However, this Court has previously held that repeated postponements of a foreclosure sale over a protracted period of time - when a debtor was current in postpetition payments, no motion for relief was pending and a chapter 13 plan to cure a prepetition arrearage was pending - constituted harassment of a debtor and did not constitute the maintenance of the status quo of a stayed foreclosure sale.  Sherkanowski v. GMAC Mortgage Corp. (In re Sherkanowski), 2000 BNH 029, 10.

     The Debtor argues that the Fourth Postponement and the Fifth Postponement violated the automatic stay because they occurred after the entry of the Confirmation Order, when the Debtor was current on postpetition payments and when a motion for relief from the stay was not pending.  The Defendant argues that none of the foreclosure postponements it made in this case constitute stay violations under the rationale of Sherkanowski and that in any event, it is not

4

liable for any violation because postponement of a foreclosure sale is permitted under applicable state law and it was acting as the agent of its client, Ameriquest Mortgage Company.

As a threshold issue, the Court notes that acting in compliance with applicable non-bankruptcy law may not insulate the Defendant from an allegation that its action violated the automatic stay.  See Pratt v. General Motors Acceptance Corp., 462 F.3d 14, 19-20 (1st Cir. 2006) (creditor who did not act in bad faith or contrary to state law did violate the discharge injunction because its actions were objectively coercive).  In Sherkanowski, this Court held that the postponement of a foreclosure sale under the provisions of state law did not violate the automatic stay so long as the creditor was seeking to maintain the status quo.  In a foreclosure situation, maintaining the status quo means not losing the benefit of the notice and advertising previously conducted in accordance with the procedures prescribed under New Hampshire law. However, a creditor's interest in maintaining the status quo of an advertised and noticed foreclosure sale that has not yet been conducted ceases to exist when the creditor has no reasonable expectation that relief from the automatic stay is likely to be obtained in the foreseeable future.  In the early stages of a chapter 13 case, when the creditor is reviewing the status of the case, the likelihood for confirmation of a chapter 13 plan or determining if the debtor is maintaining postpetition payments, a creditor has an expectation that it may obtain stay relief either through the granting of a motion for relief or the dismissal of the case if a plan is not timely proposed.  However, no later than the time when the debtor has established a track record of making postpetition payments in a timely manner and a chapter 13 plan has been confirmed, the creditor ceases to have any reasonable expectation of completing a pending foreclosure

absent extraordinary circumstances.[2]  Such extraordinary circumstances would be the existence of grounds for relief from the stay and the actual pursuit of relief from the stay by the creditor.

Although the July 1, 2005 date of the notice of the Fourth Postponement was seven days after the entry of the Confirmation Order on June 24, 2005, the Defendant contends that the action complained of by the Debtor was the postponement itself which occurred on the date of the scheduled foreclosure sale, June 20, 2005, or four days before confirmation.  New Hampshire law requires that the postponement of a foreclosure sale be to a date and time certain and be either announced at the latest proposed sale for which notice has been given or stated in a notice of adjournment posted on the premises to be foreclosed.  Armille v. Lovett, 100 N.H. 203, 206 (1956).  Accordingly, any further postponement would have no legal validity unless the postponement was announced at or posted on the premises to be foreclosed on June 20, 2005.  Thus the Fourth Postponement actually must have occurred before the entry of the Confirmation Order.  In view of the filing of the First Motion to Dismiss by the chapter 13 trustee on April 28, 2005, the Defendant had reason to question whether the Debtor's chapter 13 plan would be confirmed or the case dismissed.[3]

Shortly after the entry of the Confirmation Order, the Defendant's client determined that the Debtor was in arrears on his postpetition mortgage payments.  On July 15, 2005, the

---

[2] In this case, the Debtor does not contend that postponement of the foreclosure sale prior to the confirmation of the Debtor's chapter 13 plan violates the standard set forth in Sherkanowski.  Accordingly, the Court does not need to decide whether the postponement of a foreclosure sale prior to confirmation of a chapter 13 plan could constitute a violation of the automatic stay under the standard set forth in Sherkanowski.

[3] The Debtor points out that the First Motion to Dismiss was withdrawn by the chapter 13 trustee at the confirmation hearing on June 17, 2005.  However, the record at trial, and the Court's docket, do not reflect that the Defendant was ever served with the order approving the withdrawal of the First Motion to Dismiss.

Defendant filed the Stay Relief Motion. The Stay Relief Motion was pending on September 19, 2005, the date of the Fifth Postponement regarding the foreclosure sale scheduled for September 20, 2005. Because the Stay Relief Motion was pending on the date of the Fifth Postponement, the Defendant's claim that it was maintaining the status quo of the pending foreclosure sale is consistent with the Court's decision in Sherkanowski and did not violate the automatic stay.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the Fourth Postponement and the Fifth Postponement were actions taken to preserve the status quo of a pending foreclosure sale and did not violate the automatic stay. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate judgment consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:  January 16, 2007                    /s/ J. Michael Deasy
                                           J. Michael Deasy
                                           Bankruptcy Judge